### 10462

#### McWHITE *ET AL.* v. ROSEMAN *ET AL.*

#### (103 S. E. 586.)

1. WILLS—WILL DEVISING LAND TO DAUGHTER AND "BODILY HEIRS" HELD TO CREATE A LIFE ESTATE AND NOT FEE CONDITIONAL.—Will devising land to testator's children, providing that the land should not be sold and that the property "after their death goes to their bodily heirs," *held* not to give daughter a fee conditional, but merely a life estate with remainder to her children, words "bodily heirs" having, in view of other provisions of will, been used as synonymous with the word "children."

2. ESTATES—RIGHT TO SELL ON BIRTH OF ISSUE NECESSARY TO FEE CONDITIONAL.—One of the incidents of a fee conditional is the right of a tenant to sell the land upon the birth of issue.

Before MAULDIN, J., Greenville, June, 1919. Affirmed.

Action by T. B. McWhite, J. H. McWhite, W. B. McWhite, Mrs. Ada Rampey, Carl Baker, Charley Baker and Lillie Chiles, as heirs at law of Frances E. McWhite, against S. R. Roseman, C. P. Rogers and Nannie Harris, as individuals, and Sam Roseman and Jim Harris, as trustees, for possession of real estate. From directed verdict for plaintiffs, defendants appeal.

Following is the will referred to in opinion:

In the Name of God   Amen

I Williss Benson of the District of Greenville and State of South Carolina being sound in mind and memory I do make and ordain this to be my last Will and testament   I desire after my death that my Just

debts be paid by my Executors hereafter Namd. I leave to my Wife Frances E. Benson Ten Negroes to Wit Toney Harculous little Charles Jacob Rachel Marthey Amey Matilda Biddy and Betty and five hundred Acres of land taken of the Holly Spring tract with all the Houses one Carriage and two Horses one Waggon three Cows and Calves Ten head of Hogs three Beads and furneture thes property I leave to her during her nanural life in lieu of her dower after her death then for an Equal devision to be made between my Heirs here Namd Maria Louisa Harrison Frances Elinor McWhite James Monroe Benson Williss Key Benson Elizabeth Lucy Brooks William Mathews Myers and One Share of this property I leave to William Henry Benson three children Mary Frances Virginia Benson Willis Henry Benson and James Floyd Benson Willis H. Benson is to have five hundred dollars more than the other two Children on account of his being a cripple this five hundred dollars is to be laid on his Edication, I have Given Maria L Harrison five Negroes to Wit Jack Mahaley Vilet Lemuel and Sophey and one Horse worth twenty Eight hundred dollars I have given James M Benson five Negroes to Wit Larken Claresey Randol Josephene Emmer and one horse worth twenty Seven hundred and Eighty dollars Cash paid for his Edecation and Other Expenses Eight hundred and thirty Eight dollars one lot in the Town of Greenvill worth two thousand dollars which makes five thousand six hundred and Eighteen dollars I have given Williss K. Benson Six Negroes to Wit Antoney Sam Omey Ann Sharlot Henry and one Hor worth twenty nine hundred and Eighty dollars I have I have Given Frances E. McWhite Six Negroes to Wit Reuben Lydea Harreat, George Mahaley Noah and one horse worth twenty Seven Hundred and thirty dollars I have

given Elizabeth L. Brooks Seven Negroes to Wit Ford Leathey Spencer Marthey Dave Mary Mahaley and one Waggon woth twenty Seven hundred dollars I have Given William M. Myers Six Negroes to Wit Stephen Susan Isham Silvey Henry and Vilet worth twenty Eight hundred dollars this property that I have given away you must make an Equal Division between my Heirs above namd those that the Smallest lots must be made Equal in the next Division After my Death three men Chosen and the property appraised and for an Equal Division made between James M. Benson Williss K. Benson Marea L. Harrison Frances E. McWhite Elizabeth L. Brooks William M. Myers and One Share to William Henry Benson three Children Mary Frances Virginia Benson Williss H. Benson and James Floyd Benson Williss H. Benson to have five hundred the most and that is to be plact to his Edecation the balance is to be divided Equally between the three Children your Mother Negroes and Stock is to have a Support for one year out of the Crop land not to be Sold after the Death of my three Maria L. Harrison Frances E. McWhite Elizabeth L. Brooks this property that I leave them after their Death goes to their Bodily Heirs William M. Myers dies and has no Children this property goes Back to my Heirs above Namd If Williss H Benson dies without an Heir his property goes to Mary Francey Virginia Benson and If James Floyd dies without an Heir there is to be an Equal division made between the Children and after the Death of Mary Frances Virginia Benson the property goes to her Bodily Heirs and if there is no Heirs the property goes Back to my Heirs after my daeth I and your Mother wishes to be buried in the Same way that Gen. Barkdale Garrison and his wife is buried and the Grave Yard to be wald in I do hereby nominate

James M. Benson and Williss K. Benson my Executors
this is my last will and Testament
      (Signed)  WILLISS BENSON  (SEAL)
Siged Sealed Published and
Delivered this 28th day of June,
in the year of Our Lord one
thousand Eight hundred and Sixty two
(Signed)  Robt. McKay
          T. C. Gower
          W. A. McDaniel

*Messrs. Sirrine & Nettles,* and *Martin & Blythe,* for appellants, cite: *Intent must be ascertained from a consideration of the entire instrument, and words must be given their technical meaning unless it appears from face of the instrument that they are used in a different sense. If the words "heirs of the body," line 68, were used in their technical sense, and the presumption is that they were so used, Frances C. McWhite took a fee conditional and defendants, as the holders of the lands which were conveyed to their predecessors in title by Frances E. McWhite, were entitled to dismissal of complaint:* 18 S. C. Eq. 401 (1 Rich. Eq.); 48 S. C. 440; 91 S. C. 183; 94 S. C. 308; 101 S. C. 396.

*Messrs. Cothran, Dean & Cothran,* for respondents, cite: *While the words "heirs" and "heirs of the body" have a well defined technical signification they also have a popular signification synonymous with the word "children."* 42 S. C. 346; *and it is always open to inquiry in which sense the words were used:* 3 Rich. Eq. 158; 67 S. C. 130. *Of the seven uses in the will of an apparently technical word, six of them were not in the technical sense strongly leading to the conclusion that in the remaining instance the clause under consideration no technical signification was intended:* 3 Rich. Eq. 156; 3 Strob. Eq. 66; 23 S. C. 238; 36 S. C. 42; 42 S. C. 346; 67 S. C. 134; 71 S. C. 278; 86 S. C. 450.

*Frances E. McWhite had issue living at date of will which is always taken as indicative of a purpose to use the words "bodily heirs" as denoting children:* 89 S. C. 561; 36 S. C. 44; 42 S. C. 346.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to recover possession of certain tracts of land, under the will of Willis Benson, who died in 1865 (which will be reported).

The appeal is from the ruling of his Honor, the presiding Judge, directing a verdict in favor of the plaintiffs.

The provisions of the will which require special consideration are in substance as follows:

"I leave to my wife five hundred acres of land, to her during her natural life in lieu of her dower; after her death, then for an equal division to be made between my heirs here named—Maria Louisa Harrison, Frances Eleanor McWhite, James Monroe Benson, Willis Key Benson, Elizabeth Lucy Brooks, William Matthews Myers, and one share of this property I leave to William Henry Benson's three children—Mary Frances Virginia Benson, Willis Henry Benson, and James Floyd Benson. Land not to be sold. After the death of my three (children), Maria L. Harrison, Frances E. McWhite and Elizabeth L. Brooks, this property that I leave them, after their death goes to their bodily heirs. (If) William M. Myers dies and has no children, this property goes back to my heirs above named. If Willis H. Benson dies without an heir, his property goes to Mary Frances Virginia Benson; and if James Floyd dies without any heirs, there is to be an equal division made between the children; and after the death of Mary Frances Virginia Benson, the property goes to her bodily heirs."

James Monroe Benson and Willis Key Benson were sons of the testator; Maria Louise Harrison, Frances Eleanor McWhite, and Elizabeth Lucy Brooks were daughters; William Matthews Myers was a grandson; and Mary Frances Virginia Benson, Willis Henry Benson, and James Floyd Benson were grandchildren.

At the trial, the following stipulations were entered into between counsel:

"It is stipulated by and between counsel in this case that the defendants claim title through Frances E. McWhite, a daughter of Willis Benson, and that if under the will of Willis Benson Frances E. McWhite took a fee conditional the Court may direct a verdict in favor of the defendants; on the other hand, if under the said will the children of Frances E. McWhite took as purchasers the fee simple title after the expiration of the life estate in Frances E. McWhite, the Court will direct a verdict in favor of the plaintiffs.

"It is further admitted that at the time of the execution of the will of Willis Benson Frances E. McWhite had living children.

"It is further admitted that Willis Benson died in 1865 and that Mrs. McWhite died in 1917.

"It is further admitted that Maria L. Harrison, Frances E. McWhite, and Elizabeth L. Brooks, named in the will of Willis Benson in the clause construed by the Court, divided the land which passed under said clause between them and that Frances E. McWhite, by fee simple deed with clause of general warranty, conveyed the land so held by her in severalty to the defendants' predecessors in title and that each of said defendants now holds in severalty, all the several tracts of land as stated above."

At the close of the testimony, his Honor, the presiding Judge, directed a verdict in favor of the plaintiffs, for the possession of the land held by the defendants.

The only question in the case is whether there was error on the part of the Circuit Judge in construing the words "bodily heirs" as synonymous with the word "children." After the use of the words "my heirs here named" by the testator, in line 17 of his will, they were immediately followed by the names of his children and grandchildren, thus showing that those words were not used in their technical meaning.

The provisions in line 65, "Land not to be sold," means that the land was not to be sold by the three daughters. Therefore, it cannot be held that Frances E. McWhite took a fee conditional without destroying the express provision of the will, that the land should not be sold by her; one of the incidents of the fee conditional being the right of the tenant to sell the land, upon the birth of issue.

The words "bodily heirs" in line 76, and the word "heir" in line 77, are used synonymously; and the word "heirs," which is used throughout the will, unquestionably has reference to children or grandchildren, but nowhere is it used as a word of limitation.

Affirmed.