10696.

## TURNER v. GUEST *ET· AL.*

(1-08 S. E. 177)

1. WILLS—DEVISE OF REMAINDER HELD TO GIVE FEE SIMPLE.—A clause in a will devising real estate after the death of the life tenant to testator's four sons for their use and possession during their natural lifetime, but not to be subject to their debts or to be sold by them and to descend to their heirs, gives to the sons a fee simple.

2. WILLS—WIDOW OF DECEASED SON HELD ENTITLED TO SHARE UNDER WILL REGARDLESS OF NATURE OF ESTATE.—Where the will gave a remainder to testator's four sons for their lives and then to descend to their heirs, the widow of a son, who died after testator, leaving a son who had subsequently died, is entitled, on the death of the life tenant, to the share which her husband would have taken under the will, as the heir of her husband and of their son, regardless of whether her husband had a fee or only a life estate, since in either event it was vested.

3. PARTITION—EVIDENCING THAT DEBTS AND IMPROVEMENTS WERE PAID FROM INCOME SUSTAINS FINDING AGAINST CLAIM FOR ACCOUNTING THEREFORE.—Evidence that the income from the property and the work of the life tenants in possession thereof, including plaintiff's husband, had paid the debts against the property, sustains a finding that defendants had not sustained the issue for an accounting as to debts and improvements.

Before DE VORE, J., Greenville, November, 1920. Affirmed.

Action by Mattie Guest Turner against H. T. Guest et al.   Decree for plaintiff and defendants appeal.

*Messrs. Bonham & Price* and *H. C. McKnight,* for appellants, cite: *Rule in Shelley's case:* 29 L. R. A. (N. S.) 1000. *Not applicable:* 23 S. C. 46; 24 S. C., 204; 9 L. R. A. 165; 16 S. C. 220.   *Right of co-tenant to recover for improvements:*   24 S. C. 264; 81 S. C. 288.

*Messrs. Martin & Henry,* for respondent, cite: *Every requirement of Rule in Shelley's case is present:* 3 Hill 193; 83 S. C. 266; 76 S. C. 36; 67 S. C. 120; (5 Rich. Eq.) 26 S. C. Eq. 356; 95 S. C. 32; 103 S. C. 202; 86 S. C. 237; 104 S. C. 426. *Vested remainder:* 87 S. C.

57; 1 Hill Ch. 357; 44 S. C. 503; 104 S. C. 426; 1 Strob. Eq. 43; Dudley Eq. 201; 9 Rich. Eq. 459; 12 Rich. Eq. 114. *Posthumous child takes portion of parent's estate*: 18 S. C. 55; 1 Civ. Code 1912, Sec. 3553; 1 McC. 456. *Construction of will*: 59 S. C. 148; 9 S. C. 229. *Co-tenant makes improvements at his peril*: 28 S. C. 562; 58 S. C. 547.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants in their argument on appeal thus state the facts and issues.

"John Guest, a resident of the upper section of Greenville County, died in March, 1884, leaving certain lands and a will and codicil, the construction of which is a material part in this case. John Guest had been married twice, his first wife being Nancy Guest and his second wife Jane Guest. By his first wife, the deceased had two sons, the defendants, H. T. Guest and John E. Guest. By his second wife, he had two sons, the defendants Squire E. Guest and William Guest, the predeceased husband of the plaintiff, Mattie Guest Turner. William Guest died May 22, 1894, leaving his wife and posthumous child. This posthumous child died in about four weeks after its birth. Plaintiff had moved away from the home of her husband's people, and later married again. Jane Guest, the widow of John Guest, died on May 12, 1917, and this suit is brought to partition land under the will. The master held that the sons of John Guest had a fee-simple title to the land upon the death of the life tenant, Jane Guest, in May, 1917. The master entirely ignored the question of the improvements placed on the land by Squire E. Guest and the money advanced by the three eldest sons in paying off the debts of the estate."

"The exceptions raise three questions:

"(1) Did the four sons of John Guest have a fee-simple interest in the land under the terms of the will upon the death of Jane Guest?

"(2)   Was the defendant Squire E. Guest entitled to an accounting with the plaintiff for the new buildings erected by him upon the land in which the plaintiff claims an interest?

"(3)   Are the defendants entitled to reimbursement for the money which they paid out to satisfy the mortgages and debts against the land?"

The portion of the will of John Guest upon which appellants' case rests are:

"Item 4.    It is my will that after the death of my wife, Jane Guest, that that part of my land that was inherited by my first wife, Nancy Guest, to be equally divided between H. T. Guest and John E. Guest, and the remaining part to be equally divided between Squire E. Guest [and] William Guest, the use and proceeds and possession of which is to be theirs during their natural lifetime, but not subject to any debt of their contracting or by them sold, but descend [to] their lawful heirs."

To this last will and testament the following codicil was made:

"I this day make this change or alteration in item 4th of the within will made by me on the 8th day of May, 1883. That a straight line shall be run beginning at the old spring on the river and running a northwesterly course to the corner where the land inherited by my first wife, Nance, and the land I bought joins on Langford's land and the southwest side of said [land], to be divided betwen H. T. Guest and John E. Guest, and other side divided according to directions in item 4th of the within will."   "And that item 4th shall read lifetime or widowhood instead of lifetime."

The Master and Circuit Judge held that the sons of
John Guest took fee-simple interests    The authori-
ties, too  numerous to cite, hold that words such as
are used here carry a fee-simple. Even if these words should
be construed in their popular and not in their legal sense, it
can avail the appellants nothing. The devise to Jane for
life, with remainder to William for life, with remainder to
the heirs of William, would certainly give William a vested
interest in whatever estate he took. After the life estate
to William, his share went to his lawful heirs, i. e., to his
wife and child, and on the death of the child its share went
to its mother, the plaintiff herein. The interest of William
went, under the will, to the plaintiff in either case.

The appellant claims that the master and trial
Judge ignored the issues as to improvements, and
money advanced to pay the debts. In this the appel-
lant is mistaken. The master held, "None of the other issues
raised by the parties is sustained  by testimony." In this
holding by the master there was no error. The income
from the property and the work of the sons, William
included, paid the debts and made the improvements. At
least there was no evidence from which a contrary finding
could have been made.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS con-
cur.

MR. JUSTICE COTHRAN: I concur in the result. So far as
the interest of the plaintiff is concerned it makes no differ-
ence whether the sons take fee-simple titles or life estates
with remainders to their children. I reserve my opinion
upon the effect of the provision forbidding a sale of the
property, which under *McWhite v. Roseman*, 114 S. C. 177,
103 S. E. 586, is indicative of an intention on the part of
the testator that the sons should not take fee-simple estates.